FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN
JUL 0 5 2012
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:11-00082 |
| | ) | |
| v. | ) | JUDGE TRAUGER |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 3 |
| | ) | 18 U.S.C. § 922(g)(1) |
| [1] TRAVIS LYNN GENTRY | ) | 18 U.S.C. § 924(c) |
| [2] BETTY KATHERINE GENTRY | ) | 18 U.S.C. § 1621 |
| [3] FRANK DWAYNE RANDOLPH | ) | 18 U.S.C. § 1956(h) |
| a/k/a TUBBS | ) | 21 U.S.C. § 841(a)(1) |
| [7] PATRICK DEWAYNE SMITH | ) | 21 U.S.C. § 846 |
| [16] TODD ARKALUS BRYANT | ) | 21 U.S.C. § 853 |

# SECOND SUPERSEDING INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee and elsewhere, **[1] TRAVIS LYNN GENTRY, [2] BETTY KATHERINE GENTRY, [3] FRANK DWAYNE RANDOLPH a/k/a TUBBS, [7] PATRICK DEWAYNE SMITH** and **[16] TODD ARKALUS BRYANT** did combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute controlled substances, including 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, that is crack cocaine, Schedule II controlled substances, and 100 kilograms or more of marijuana and a quantity of a mixture or substance containing methylenedioxymethamphetamine (MDMA), generally known as

"Ecstasy", Schedule I controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It was part of this conspiracy that **[1] TRAVIS LYNN GENTRY** obtained cocaine from various suppliers for distribution, including from a person known as "G," and that **[1] TRAVIS LYNN GENTRY** committed a home invasion style robbery and murders at G's request in connection with a drug-related debt.

It was part of this conspiracy that **[1] TRAVIS LYNN GENTRY** and **[7] PATRICK DEWAYNE SMITH** supplied each other with cocaine.

It was part of this conspiracy that **[1] TRAVIS LYNN GENTRY** manufactured cocaine base ("crack cocaine") for distribution, including manufacturing crack cocaine for **[7] PATRICK DEWAYNE SMITH** to further distribute.

It was part of this conspiracy that various co-conspirators, including **[1] TRAVIS LYNN GENTRY, [2] BETTY KATHERINE GENTRY** and **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** possessed firearms.

It was part of this conspiracy that **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** stored and concealed drug proceeds and firearms to protect the continued operation and viability of the conspiracy and to prevent the seizure of those items by law enforcement.

It was part of this conspiracy that **[2] BETTY KATHERINE GENTRY** helped distribute drugs, stored drugs, drug scales, and drug proceeds, and permitted **[1] TRAVIS LYNN GENTRY** to store firearms and "break down" large quantities of cocaine at her residence.

It was part of this conspiracy that co-conspirators would warn each other of potential risks to the operation and continuation of the conspiracy, including warning of law enforcement activities which may result in the arrest of co-conspirators or the seizure of drugs, drug proceeds, and firearms.

In violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee and elsewhere, the defendants **[1] TRAVIS LYNN GENTRY, [2] BETTY KATHERINE GENTRY, [3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** and **[7] PATRICK DEWAYNE SMITH** did combine, conspire, confederate, and agree with each other to commit the following offense against the laws of the United States:

1. Money laundering with the intent to promote the carrying on of specified unlawful activity, to wit: feloniously receiving, concealing, buying, selling, or otherwise dealing in a controlled substance punishable under any law of the United States, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and

2. Money laundering with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit: feloniously receiving, concealing, buying, selling, or otherwise dealing in a controlled substance punishable under any law of the United States, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

In furtherance of the conspiracy and to effect the objects thereof, one or more of the conspirators carried out one or more of the following overt acts, among others:

3

a. **[1] TRAVIS LYNN GENTRY, [2] BETTY KATHERINE GENTRY, [3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** and **[7] PATRICK DEWAYNE SMITH** transferred and concealed drug proceeds.

b. **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS** maintained a safe deposit box at a financial institution and placed approximately $2,000 of Travis Gentry's drug proceeds into that safe deposit box.

In violation of Title 18, United States Code, Sections 2 and 1956(h).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY, [2] BETTY KATHERINE GENTRY,** and **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS**, did knowingly possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess a controlled substance with intent to distribute in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee, **[2] BETTY KATHERINE GENTRY**, knowingly and intentionally used and maintained a place generally known as 1126 Turner Road, Prospect, Tennessee, for the purpose of manufacturing and distributing controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee, **[2] BETTY KATHERINE GENTRY**, controlled a place generally known as 1126 Turner Road, Prospect, Tennessee, as an owner, lessee, or occupant, and knowingly and intentionally made that place available for use to Travis Gentry, with or without compensation, for the purpose of unlawfully manufacturing, storing, and distributing a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

On or about December 2, 2009, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY** did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

On or about December 8, 2009, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY** did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

5

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES:

On or about December 18, 2009, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY** did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE

THE GRAND JURY FURTHER CHARGES:

On or about January 30, 2011, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY** did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN

THE GRAND JURY FURTHER CHARGES:

Between in or around January 2006 to on or about March 17, 2011, in the Middle District of Tennessee, **[3] FRANK DWAYNE RANDOLPH a/k/a TUBBS**, knowing that an offense against the United States had been committed, to wit, conspiracy to knowingly and intentionally distribute and possess with the intent to distribute controlled substances, including 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, that is crack cocaine, Schedule II controlled substances, and 100 kilograms or more of marijuana and a quantity of a mixture or substance containing methylenedioxymethamphetamine (MDMA), generally known as

"Ecstasy", Schedule I controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, did receive, relieve, comfort, and assist the offenders, including Travis Gentry in order to hinder and prevent Travis Gentry's apprehension, trial, and punishment.

In violation of Title 18, United States Code, Section 3.

### COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES:

Between in or around December 2010 to on or about March 17, 2011, in the Middle District of Tennessee, **[1] TRAVIS LYNN GENTRY,** having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, firearms.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924.

### COUNT TWELVE

THE GRAND JURY FURTHER CHARGES:

On or about March 17, 2011, in the Middle District of Tennessee, **FRANK DWAYNE RANDOLPH a/k/a TUBBS,** having duly taken an oath before United States Magistrate Judge Joe B. Brown, that he would testify truly, and that any declaration or certificate subscribed by him was true, did willfully and knowingly and contrary to said oath state material matter which he did not believe to be true, that is to say:

1. At the time and place aforesaid, United States Magistrate Judge Joe B. Brown was presiding over the initial appearance of the defendant following the defendant's arrest on a federal complaint and warrant charging him with engaging in a drug trafficking conspiracy in violation of Title 21, United States Code, Section 846. As part of that proceeding, **FRANK DWAYNE**

7

**RANDOLPH a/k/a TUBBS** advised the Court that he wanted a court appointed defense counsel. In order to determine whether the defendant qualified for court appointed counsel, the defendant was required to submit a financial affidavit to establish his income, assets, and liabilities which the Court reviewed to determine whether the defendant could afford to retain his own defense counsel instead of being appointed a defense counsel at public expense. The contents of the financial affidavit were material to the Court's decision whether to grant the defendant's request for appointed counsel.

2. At the time and place aforesaid, **FRANK DWAYNE RANDOLPH a/k/a TUBBS** executed the financial affidavit in support of his request for appointed counsel. The defendant certified under penalty of perjury that the contents of that financial affidavit were true and correct, and also took an oral oath that the financial affidavit was correct. In that financial affidavit, the defendant was asked: "Have you any cash on hand or money in savings or checking accounts?" He answered, "Yes" and stated that the total amount was approximately $25,000. In that financial affidavit, the defendant was also asked, "Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?" He answered, "Yes." The financial affidavit then asked him to give the value and description of such assets, and he listed only that he was buying a house on Popular Street in Pulaski, and that the residence was valued at $120,000.

3. The aforesaid statements in the financial affidavit signed and submitted by **FRANK DWAYNE RANDOLPH a/k/a TUBBS,** as he then and there well knew and believed, were false in that the defendant intentionally and willfully omitted, from that financial affidavit, substantial assets valued at over $100,000 including cash, land, and financial accounts. The defendant's

omission of such substantial assets was material to the Court's decision and caused the Court to grant the defendant's request for appointed counsel based on the defendant's false financial affidavit.

All in violation of Title 18, United States Code, Section 1621(1).

## FORFEITURE ALLEGATION

The allegations contained in Count One of this Second Superseding Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

Upon conviction of the controlled substance offense alleged in Count One of this Second Superseding Indictment, **[1] TRAVIS LYNN GENTRY, [2] BETTY KATHERINE GENTRY, [3] FRANK DWAYNE RANDOLPH a/k/a TUBBS, [7] PATRICK DEWAYNE SMITH,** and **[16] TODD ARKALUS BRYANT** jointly and severally, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses alleged in Count One. The property to be forfeited includes but is not limited to the following:

a. **A money judgment** in the amount of at least $750,000.00 United States currency representing the amount of proceeds obtained as a result of such offense;

b. **Currency**

   1. $7,823.00 United States currency seized on March 17, 2011 from 409 Westgate Drive, Pulaski, Tennessee; and

   2. $25,544.00 United States currency seized on March 17, 2011 from 509 West Poplar Street, Pulaski, Tennessee;

c. **Bank Accounts**

9

1. Contents of First National Bank of Pulaski Account #1060313 with the approximate value of $12,351.88 seized on March 22, 2011 from 206 South First Street, Pulaski, Tennessee; and

2. Contents of Bank of Frankewing Certificate of Deposit #23166 with the approximate value of $11,639.69 seized on March 22, 2011 from 1671 West College Street, Pulaski, Tennessee;

d. **Safe Deposit Box**

1. $10,640.00 United States currency seized on March 22, 2011 from Safe Deposit Box 704, First National Bank of Pulaski located at 206 South First Street, Pulaski, Tennessee.

e. **Real Property**

1. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, described as lot on Map 167B, Parcel 14 and running parallel to Thompson Lane Road, Giles County, Tennessee and more particularly described as follows:

   Lying and being in the 4th Civil District of Giles County, Tennessee, being lot #14 and more particularly described as follows:

   BEGINNING at point on Howard Road thence East 156 feet to a point; thence North 100 feet to a point; thence Northwest 100 feet to a point being the boundary line for lot 13; thence with boundary line of lot #13 145 feet to a point; thence running 110 feet parallel with road known as Thompson Lane to point of beginning.

   And being the same property acquired by Charles Thornton, et us by Deed of record in Deed Book 265, Page 144, Register's Office, Giles County, Tennessee.

10

Map 167B, Parcel 14

2. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 509 West Poplar Street, Pulaski, Tennessee ("West Poplar"), more specifically described as:

A certain tract of land located on the South side of West Poplar Street in the City of Pulaski, 7th Civil District, Giles County, Tennessee, and being more particularly described as follows:

BOUNDED generally N approximately 75 feet by the South martin of West Poplar Street; East approximately 160 feet by Charles Gordon, South approximately 82 fee by Dorothy McCord, Et Al: and W approximately 160 feet by Morris Howard, Et Al.

And being the same property appearing of record in Deed Book 241, page 739, Register's Office, Giles County, Tennessee.

f. **Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with, a third party;
3. has been placed beyond the jurisdiction of the Court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be divided without difficulty;

11

The United States shall be entitled to forfeiture of substitute property and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of said property listed above as being subject to forfeiture including but not limited to:

1. Bank of Frankewing Savings Acct #203446 - $16,160.70;
2. Bank of Frankewing CD Acct #50104 - $11,187.55;
3. Bank of Frankewing CD Acct #57220 - $83,756.92;
4. Bank of Frankewing CD Acct #56297 - $10,858.01;
5. First Nat'l Bank of Pulaski Acct #1378968 - $1,463.33; and
6. Bank of Frankewing Checking Acct #4401964 - $1,215.00.

A TRUE BILL:

FOREPERSON

JERRY E. MARTIN
UNITED STATES ATTORNEY

SUNNY A.M. KOSHY
ASSISTANT UNITED STATES ATTORNEY