IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | Docket No. 3:11-00082-3 |
| | ) | *The Honorable Aleta J. Trauger* |
| FRANK RANDOLPH, | ) | *U.S. District Court Judge* |
| | ) | |
| Defendant. | ) | |

# FRANK RANDOLPH'S MOTION FOR NEW TRIAL

Comes the Defendant and moves the Court to vacate the guilty verdicts on Counts 1, 2, and 10, and grant him a new trial pursuant to F.R.Cr.P. 33. In support hereof, Mr. Randolph would show:

1. There are fatal variances between the conspiracies alleged in Counts 1 and 10, and the conspiracies in the jury's verdicts. The jury expressly found the Government had proven **no** drugs were involved in the conspiracy in which Mr. Randolph was allegedly involved, and specifically found different amounts of drugs in the conspiracy involving his purported co-conspirators Travis Gentry and Patrick Smith.

2. The jury specifically found **no** drugs were involved in either the conspiracy of which Mr. Randolph stands convicted in Count 1, and being an Accessory After the Fact of a drug conspiracy in Count 10, and these convictions cannot stand since *some* amount of controlled substances are required for those convictions.

3. The Court erred in refusing to allow Mr. Randolph to introduce evidence that the Government seized, and then decided not to forfeit, $124,641.51 seized from his

1

bank accounts on March 22, 2011. After ruling on November 18, 2011, that "the funds in these accounts bear no relationship to Frank's or Channin's alleged crimes" (Memorandum and Order Concerning Return of Property, D.E. 510), the Court refused at trial to allow Mr. Randolph to introduce proof that the Government decided not to try and forfeit these funds as drug proceeds. This ruling left the Government free to argue, repeatedly and disingenuously, that these funds were, in fact, drug proceeds and part of Frank Randolph's "money laundering." His convictions on Counts 2 and 10 were a direct result of this ruling.

Mr. Randolph reserves the right to brief and supplement this motion before hearing, in light of the time window for filing the instant motion (only fourteen days under Rule 33 and the occurrence of Thanksgiving during that 14 days).

This the 29th day of November, 2012.

COLLEY & COLLEY

BY: /s/ John S. Colley, III
JOHN S. COLLEY, III
TN BPR #12029
Counsel for Mr. Randolph
710 N. Main St., Suite 200
PO Box 1476
Columbia, TN 38402-1476
(931) 388-8564

## CERTIFICATE OF SERVICE

I, John S. Colley, III, hereby certify that on the 29th day of November, 2012, I electronically served one copy of *Frank Randolph's Motion For New Trial* with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Co-Defendants and Counsel for the United States of America.

/s/John S. Colley, III
JOHN S. COLLEY, III

2