IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:11-00082 |
| | ) | Judge Trauger |
| | ) | |
| [3] FRANK DWAYNE RANDOLPH | ) | |

## **MEMORANDUM and ORDER**

Defendant Frank Randolph has filed a Motion For New Trial (Docket No. 1204) and a Motion For Judgment of Acquittal (Docket No. 1205), to which the government has filed a Consolidated Response (Docket No. 1232). Both motions seek to set aside the verdicts of guilty on Counts One, Two and Ten of the Second Superseding Indictment. This defendant was also convicted on Count Twelve and acquitted on Count Three (Docket No. 1186).

## **Standard of Review**

A motion for judgment of acquittal under Rule 29(c), FED. R. CIV. P., calls upon the court to examine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This review is quite limited . . . . [The] court does not weigh evidence, make credibility determinations, or substitute its judgment for that of the jury." *United States v. Owusu*, 199 F.3d 329, 341-42 (6th Cir. 2000) (internal citations omitted).

"The government must be given the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial. It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt." *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004) (internal citations omitted). "Circumstantial evidence alone, if substantial and competent, may sustain a conviction under this deferential standard of review."

*United States v. Beverly*, 369 F.3d 516, 531 (6th Cir. 2004) (internal citations omitted).

Under Rule 33(a), FED. R. CRIM. P., the court may grant a new trial "if the interest of justice so requires." The defendant seeks a new trial on the same grounds that he seeks a judgment of acquittal–on Counts One and Ten because of a fatal variance and on Count Two because of an allegedly erroneous evidentiary ruling by the court.

## Analysis

The defendant argues that he must be acquitted on Counts One (conspiracy to distribute and possess with the intent to distribute controlled substances) and Ten (accessory after the fact of the drug conspiracy) on the basis that, on Frank Randolph's Verdict Form, the jury found that "no" cocaine, crack cocaine or marijuana was "involved in the conspiracy." (Docket No. 1186) The defendant maintains that, first of all, he cannot have been convicted of a drug conspiracy unless the jury found that drugs were involved in the conspiracy. Second, he maintains that, because the jury found his two co-conspirators guilty of possessing specific amounts of cocaine, crack cocaine and marijuana (*see* Docket Nos. 1183, 1188), there was a fatal variance in the jury's verdicts. Both assertions misinterpret the findings of the jury.

As the defendant well knows, each of the three Verdict Forms (one for each defendant) asked the jury to determine the specific amounts of cocaine, crack cocaine and marijuana for purposes of sentencing under the United States Sentencing Guidelines, which, in drug cases, are largely driven by drug quantities. As the instructions clearly informed the jury, "The Government does not necessarily have to prove that a person physically possessed a controlled substance for you to find him guilty of this crime [Count One–the drug conspiracy]". (Docket No. 1180 at 29) "What the Government must prove is that the Defendant knew the conspiracy's

2

main purpose [the distribution of drugs and possession with intent to distribute drugs], and that he voluntarily joined it, intending to help advance or achieve its goals." (Docket No. 1180 at 27) The jury was further instructed: "If you unanimously find that a particular defendant did not possess any of a particular controlled substance, mark "None" on the appropriate special verdict form." (Docket No. 1180 at 34) Again, the individual findings of drug possession quantity were for purposes of sentencing and, clearly, a defendant could be convicted of the drug conspiracy, even if found to have possessed no drugs. Perhaps the wording of the question on the Verdict Forms was inartful, asking "the amount of [cocaine, crack cocaine, marijuana] involved in the conspiracy" instead of the amount of each drug possessed or intended to be distributed by each defendant during the conspiracy. Although the final wording was proposed by the government, the court recalls no objections to this wording by defendant Frank Randolph.

Because defendant Frank Randolph could legally be convicted of the Count One drug conspiracy, even if he possessed none of the four drugs alleged, and because the specific findings as to the particular drugs for each defendant were for purposes of sentencing, there was no prohibited "variance" in the jury's findings on Count One (the drug conspiracy) or Count Ten (accessory after the fact of the drug conspiracy) justifying either a judgment of acquittal or a new trial on these counts.

As to Count Two (conspiracy to commit money laundering), defendant Randolph objects to the court's ruling that a statement made by the court in connection with earlier forfeiture proceedings would not be allowed to be made known to the jury.[1] A lengthy argument as to this

---

[1] Specifically, the court had ordered $125,000 in seized funds to be returned to defendant Randolph pretrial, as the government's theory was that these were substitute assets, and substitute assets can only be seized after conviction.

3

matter was held out of the presence of the jury.

Defense counsel wanted the jury to know that the court had ordered some of the seized funds returned to Mr. Randolph so that he could then argue that these funds were clearly not drug proceeds (or the court would not have ordered them returned), thus weakening the government's argument on money laundering. The government's money laundering theory was that Frank Randolph was depositing all of his legitimate earnings from factory work and a side window tinting business into his accounts and living off of the cash drug proceeds given to him by Travis Gentry. The government could only trace certain minimal, marked buy money into the possession of Frank Randolph and argued that the remaining seized assets were substitute assets. The court ordered $125,000 returned to Randolph, based upon its ruling that substitute assets could not be seized in advance of a conviction. Because defendant Randolph intended to introduce evidence and witnesses to prove his legitimate sources of income, and because attempting to explain the complexities and niceties of civil forfeiture proceedings to a jury would be confusing and unnecessary, the court ruled that the return of $125,000 in seized assets to Mr. Randolph pretrial by court order would not be admitted into evidence.

After the lengthy bench conference, defense counsel asked the agent who seized Randolph's assets whether he was able to link any of Randolph's accounts to drug transactions, other than the $2,100 in marked funds found in Randolph's safe deposit box, and the agent responded that he was not. In addition, defendant Randolph introduced numerous voluminous exhibits, including stipulated bank records, and called numerous witnesses to establish, successfully, that much of the money seized from Frank Randolph's bank accounts was earned legitimately from his employment at a factory and from his side business of window tinting. The

court is convinced that the jury believed most of that testimony, as did the court in large part. However, the fact that Frank Randolph had legitimate sources of money does not foreclose the fact that he engaged in a money laundering conspiracy with Travis Gentry to launder the money that Travis Gentry earned in the drug trade. Even had the court allowed in the evidence defendant Randolph sought to introduce, the jury could still have found the elements of money laundering present beyond a reasonable doubt.

The court believes that its evidentiary ruling was correct and that preventing the introduction of this evidence was not in error and in no way justifies the setting aside of the jury verdict on the money laundering count or ordering a new trial on that count.

For the reasons expressed herein, it is hereby **ORDERED** that defendant Frank Randolph's Motion For New Trial (Docket No. 1204) and Motion For Judgment of Acquittal (Docket No. 1205) are **DENIED**.

It is so **ORDERED**.

ENTER this 22nd day of January 2013.

_____
ALETA A. TRAUGER
U.S. District Judge

5